[836 NYS2d 206]

In the Matter of RANDY SCOTT STEINHAUSER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 1, 2007

**APPEARANCES OF COUNSEL**

*Rita E. Adler,* Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By decision and order on motion dated July 31, 2006, the Grievance Committee for the Tenth Judicial District was authorized to institute and prosecute a disciplinary proceeding against the respondent, after transfer of that matter from the Grievance Committee for the Second and Eleventh Judicial Districts, and the issues raised were referred to the Honorable Vincent Pizzuto, as Special Referee to hear and report. By further decision and order on motion dated July 31, 2006, this Court granted the Grievance Committee's motion to immediately suspend the respondent on the ground that he is guilty of professional misconduct immediately threatening the public interest based upon his failure to cooperate with the Grievance Committee's investigation, and the charges set forth in the Grievance Committee's verified petition were referred to Special Referee Pizzuto, along with the charges previously referred to him.

By order dated September 13, 2006, this Court granted the Grievance Committee's ex parte application for an order authorizing it to disclose information obtained in its investigation to the Suffolk County District Attorney and any other law enforcement, prosecutorial, or attorney disciplinary authority deemed appropriate. By further order dated December 20, 2006, the Presiding Justice of this Court granted the Grievance Committee's application for substituted service of the motion to adjudicate the respondent in default due to the Grievance Committee's inability, with due diligence, to serve respondent personally.

Pursuant to that order, the respondent was served via first class and certified mail and, on January 12, 2007, the motion papers were affixed to the door of his residence. He nevertheless failed to respond to this motion or to request additional time in which to do so.

Although the respondent was personally served with the verified petition and order to show cause on March 24, 2006, and with this Court's decisions and orders, dated July 31, 2006, as well as the notice of supplemental petition and verified petition on August 22, 2006, he failed to submit answers as directed. Inasmuch as the respondent has failed to answer these charges, he is in default and the charges contained in the verified petition and supplemental petition must be deemed established.

Accordingly, the motion to disbar the respondent upon his default is granted, the petition is deemed established and, effec-

tive immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and KRAUSMAN, JJ., concur.

Ordered that the motion to disbar the respondent, Randy Scott Steinhauser, upon his default is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Randy Scott Steinhauser, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Randy Scott Steinhauser, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Randy Scott Steinhauser, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Randy Scott Steinhauser, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).